IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CARLA NEWBERRY COOK | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-09-CV-1589-BD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carla Newberry Cook seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled as a result of head and back injuries sustained in a motor vehicle accident on November 1, 2002. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on June 5, 2008. At the time of the hearing, plaintiff was 52 years old. She is a high school graduate and has past work experience as a dispatcher, a receptionist, a grass cutter, a desk clerk, a housekeeper, and a dental assistant. Plaintiff has not engaged in substantial gainful activity since January 18, 2006.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff sustained multiple injuries in a motor

vehicle accident on November 1, 2002, and suffered from degenerative disc disease of the cervical and thoracic spine, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a wide range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a inspector/sorter/sampler and a production worker/assembler -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

Plaintiff challenges the hearing decision on three grounds: (1) the ALJ used the wrong legal standard in evaluating the severity of her alleged impairments; (2) the assessment of her mental residual functional capacity is not supported by substantial evidence; and (3) the ALJ failed to adequately develop the record by ordering a psychological consultative examination.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize

the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that her substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ failed to apply the correct legal standard for determining the "severity" of her alleged impairments at Step 2 of the sequential evaluation analysis. The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard was used to evaluate the severity of plaintiff's impairments. *Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Eisenbach v. Apfel*, No. 7-99-CV-186-BC, 2001 WL 1041806 at *6 (N.D. Tex. Aug. 29, 2001).

Although the hearing decision in this case does not mention *Stone* or otherwise acknowledge the proper construction of section 404.1520(c), remand is not required because there is no evidence to support a predicate finding that plaintiff suffers from any medically determinable impairment not recognized by the ALJ. The court initially notes that, contrary to plaintiff's suggestion, the failure to mention *Stone* does not automatically require remand. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986) ("A case will not be remanded simply because the ALJ did not use 'magic words.'"); *Parisi v. Astrue*, No. 4-07-CV-711-Y, 2008 WL 5203704 at *5 (N.D. Tex. Dec. 10, 2008), *aff'd*, 351 Fed. Appx. 951 (5th Cir. Nov. 3, 2009) (rejecting automatic remand in face of *Stone*-error as "a waste of administrative and judicial resources"). Rather, the failure to cite *Stone* merely raises a presumption that the incorrect standard was used to evaluate the severity of plaintiff's impairments. *See Key v. Astrue*, No. 3-06-CV-1087-N, 2007 WL 2781930 at *4 (N.D. Tex. Sep. 4, 2007). The

Commissioner may rebut that presumption by showing that the ALJ applied the correct legal standard. *Id.*; *Vaughn v. Astrue*, No. 3-08-CV-1920-L, 2009 WL 3874607 at *5 (N.D. Tex. Nov. 17, 2009) (although ALJ did not specifically refer to *Stone*, remand was not required because careful analysis of the record showed that ALJ applied the correct legal standard).

Moreover, *Stone* does not apply unless a medically determinable impairment or combination of impairments is found to exist. *Randall v. Astrue*, 570 F.3d 651, 657-59 (5th Cir. 2009); *see also Ranes v. Astrue*, No. 3-08-CV-2030-D, 2009 WL 2486037 at *3 (N.D. Tex. Aug. 14, 2009) ("[T]he question of the *existence of* a medically determinable impairment is distinct from, and logically antecedent to, the question of its *severity*.") (emphasis in original). A "medically determinable impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Here, plaintiff fails to identify any objective medical evidence that would support a finding that her mental condition, headaches, and difficulty ambulating,[1] either alone or in combination, constitute a "medically determinable impairment." The record contains no evidence that plaintiff was ever diagnosed with any anatomical, physiological, or psychological abnormalities related to her mental condition or her ability to walk. Nor is there any evidence that plaintiff ever received any medication, therapy, or other treatment for those alleged impairments. As the ALJ noted in his written decision:

> With regard to disability secondary to a dragging left leg, the record fails to show evidence of same. The record is absent any treatment for a foot condition and Dr. Okoye found no abnormality on

---

[1] To the extent plaintiff argues that the ALJ found degenerative changes in her lumbar spine to be a non-severe impairment, (*see* Plf. MSJ Br. at 1, 6), the court concludes otherwise. A fair reading of the record shows that the ALJ considered that impairment to be among the "severe multilevel degenerative changes" resulting from plaintiff's motor vehicle accident. (*See* Tr. at 11).

> examination. Absent objective evidence to support this contention, the undersigned finds it is not a medically determinable impairment.
>
> With regard to the claimant's allegation of memory problems, the record fails to [sic] any treatment for a mental condition. When Dr. Okoye examined the claimant he found no mental abnormality. Thus the record fails to show that the claimant has a medically determinable mental impairment.

(Tr. at 12) (internal record citations omitted). That finding is supported by the results of plaintiff's physical examination on April 1, 2006, at which time she reported no headaches and was able to ambulate with only "slight difficulty" and without any assistive devices. (*See id.* at 145-48). The only evidence to the contrary is plaintiff's testimony at the administrative hearing, wherein she expressed difficulty in following directions, comprehending instructions, engaging in conversation, and remembering the names of her children. (*See id.* at 168, 171). However, plaintiff's subjective testimony, by itself, is insufficient to establish an impairment. *See* 20 C.F.R. § 404.1508; *Prince v. Barnhart*, 418 F.Supp.2d 863, 867 (E.D. Tex. 2005). Without objective medical evidence that plaintiff suffers from a medically determinable physical or mental impairment, the court does not reach the question of whether the ALJ properly analyzed the severity of those alleged impairments under *Stone*. *See Ranes*, 2009 WL 2486037 at *4; *Prince*, 418 F.Supp.2d at 869.

C.

Plaintiff also argues that the assessment of her mental residual functional capacity is not supported by substantial evidence because, *inter alia*, the ALJ failed to adequately develop the record by ordering a psychological consultative examination. While the ALJ has a duty to fully and fairly develop the record, "[n]o duty to investigate further arises unless the existing evidentiary record raises a reasonable suspicion of a potentially disabling impairment that has not been fully evaluated." *Welsh v. Barnhart*, No. 1-01-CV-220, 2002 WL 32073076 at *14 (E.D. Tex. Dec. 23, 2002), *rec.*

*adopted*, 2003 WL 1908082 (E.D. Tex. Jan. 22, 2003), *citing Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). Stated differently, the duty to order additional medical testing is triggered only when the existing evidence is insufficient to make an *informed* disability determination. *See Oderbert v. Barnhart*, 413 F.Supp.2d 800, 805 (E.D. Tex. 2006). There is no duty to obtain further testing simply because evidence is inadequate for a *favorable* determination. *Id.*; *see also Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) ("'[F]ull inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision.").

As previously discussed, the record in this case does not raise a "reasonable suspicion" that plaintiff suffers from a disabling mental impairment. To the contrary, there is no evidence, other than plaintiff's subjective testimony, that she suffers from any such impairment. Notwithstanding the total lack of objective medical evidence to support her allegations, the ALJ gave plaintiff "the greatest benefit," finding that:

> [D]ue to residuals from her 2002 motor vehicle accident the claimant has difficulty understanding, remembering and following detailed and complex instructions. However, she does not however have difficulty performing the basic mental demands of competitive, remunerative, unskilled work, which includes the ability (on a sustained basis) to understand, carry out, and remember simple instructions, respond appropriately to supervision, coworkers, and usual work situations, and deal with changes in a routine work setting.

(Tr. at 15). This finding is consistent with the objective medical evidence, including the results of a mental status examination performed by Dr. Okoye, which found plaintiff to be alert, oriented, and "able to understand and follow simple commands and directions." (*Id.* at 147). Thus, there is no basis for concluding that the hearing decision is not supported by substantial evidence or that the ALJ failed to adequately develop the record.

Even if the ALJ was remiss in failing to order a psychological consultative examination, plaintiff does not proffer what this examination would have revealed or whether it would have changed the outcome of the disability determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (reversal appropriate only if claimant shows prejudice resulting from ALJ's failure to request additional information); *Oderbert*, 413 F.Supp.2d at 805 (same). Without such a showing, this claim must fail.

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: November 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE